# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

DEANDRE VICK,

        Petitioner,

                                       Case No.  2:07-CV-38

v.

                                       HON. ROBERT HOLMES BELL

LINDA METRISH,

        Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

On July 13, 2009, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Petitioner Deandre Vick's § 2254 petition for writ of habeas corpus be dismissed with prejudice.  (Dkt. No. 19, R&R.)  Petitioner filed objections to the R&R on July 24, 2009.  (Dkt. No. 20, Objs.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").  Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner's objections are based upon his contention that although his claims are procedurally defaulted, he is nevertheless entitled to habeas review because he has shown that the failure to consider his claims will result in a fundamental miscarriage of justice.

A habeas petitioner can overcome a procedural default by demonstrating that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "[A] fundamental miscarriage of justice occurs when a petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is innocent." *Mitchell v. Rees*, 114 F.3d 571, 579 n.12 (6th Cir. 1997). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327. The miscarriage of justice standard is consistent with "AEDPA's central concern that the merits of concluded criminal proceedings not be revisited in the absence of a strong showing of actual innocence." *Calderon v. Thompson*, 523 U.S. 538, 558 (1998). "It is only the extraordinary case . . . in which the habeas petitioner can present new evidence which undermines this court's confidence in the outcome of the trial and therefore requires assurance that it was free of non-harmless constitutional error." *Souter v. Jones*, 395 F.3d 577, 600 (6th Cir. 2005).

Upon *de novo* review of Petitioner's submissions, including his motion for evidentiary hearing with attached exhibits, the Court concludes that Petitioner has not made a colorable showing of actual innocence. This is not the extraordinary case where a convicted defendant has shown that constitutional error probably resulted in the conviction of one who was

actually innocent. The fundamental miscarriage of justice exception does not excuse Petitioner's procedural defaults. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 20) are **DENIED**.

**IT IS FURTHER ORDERED** that the July 13, 2009, Report and Recommendation of the Magistrate Judge (Dkt. No. 19) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's amended petition for writ of habeas corpus (Dkt. No. 4) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: January 21, 2010                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE